# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE

## AT NASHVILLE

### MAY SESSION, 1999

FILED

September 10, 1999

Cecil Crowson, Jr.
Appellate Court Clerk

| | | |
|---|---|---|
| STATE OF TENNESSEE, | ) | C.C.A. NO. 01C01-9805-CR-00198 |
| | ) | |
| Appellee, | ) | |
| | ) | |
| | ) | DAVIDSON COUNTY |
| VS. | ) | |
| | ) | HON. SETH NORMAN |
| ERIC BERNARD HOWARD, | ) | JUDGE |
| | ) | |
| Appellant. | ) | (Direct Appeal - Aggravated Robbery) |

FOR THE APPELLANT:

THOMAS H. POTTER
100 Thompson Lane
Nashville, TN 37211

FOR THE APPELLEE:

PAUL G. SUMMERS
Attorney General & Reporter

LUCIAN D. GEISE
Assistant Attorney General
425 Fifth Avenue North
Nashville, TN 37243

VICTOR S. JOHNSON
District Attorney General

JOHN ZIMMERMANN
Assistant District Attorney
Washington Sq., Ste. 500
Nashville, TN 37201

OPINION FILED _____

AFFIRMED

JERRY L. SMITH, JUDGE

# OPINION

On October 26, 1995, the Davidson County Grand Jury indicted Appellant Eric B. Howard for two counts of aggravated robbery. After a jury trial on November 17–18, 1997, Appellant was convicted of two counts of aggravated robbery. After a sentencing hearing on December 17, 1997, the trial court sentenced Appellant as a Range II multiple offender to consecutive terms of seventeen years for each conviction. Appellant challenges his convictions, raising the following issues:

> 1) whether the trial court erred when it ruled that certain evidence was irrelevant and inadmissible;
> 2) whether the evidence was sufficient to support one of the aggravated robbery convictions; and
> 3) whether incompetency by reason of addiction to a narcotic drug is a defense to aggravated robbery.

After a review of the record, we affirm the judgment of the trial court.

## I. FACTS

Jianwei Cao testified that while he was walking to his office on the Vanderbilt University campus at 10:00 a.m. on August 15, 1995, he was approached by Appellant. When Appellant asked Cao where the admissions office was located, Cao stated that he would show him the way. Shortly thereafter, Cao and Appellant entered a narrow path between two buildings. Appellant then made a motion with his hand and said "Give me your wallet . . . There is a gun . . . I show you." Although Cao did not actually see a gun, he looked at where Appellant had indicated he had a gun and saw "something pop out," or "bump[] up." Cao then gave Appellant his watch, his card case, and

twelve dollars in cash from his pocket. Cao subsequently followed Appellant for a short distance and asked Appellant to return his card case because Cao was afraid that Appellant would look at his identification and learn his name and address. Appellant returned the card case, but he kept the watch and the cash.

Hoseung Lee testified that while he was walking to his office on the Vanderbilt University campus at approximately 10:15 a.m. on August 15, 1995, Appellant approached him and asked for directions to the admissions office. When Lee pretended that he did not understand English, Appellant said "Give me the money" and pulled up his shirt so that Lee could see the gun that was tucked in his waistband. Lee then gave Appellant his wallet and three dollars. Appellant looked through the wallet and gave it back to Lee.

Lee testified that after Appellant left, Lee ran to his office and contacted security. Approximately fifteen minutes later, Lee went to the security office and identified Appellant as the person who had robbed him.

Jennifer West testified that while she was working as a security officer for Vanderbilt University at 10:20 a.m. on August 15, 1995, she received a report of an armed robbery. Shortly thereafter, West saw Appellant and noticed that he matched the description of the suspect. West and Officer Robert Young then approached Appellant and informed him that he matched the description of a suspect in an armed robbery.

West testified that Appellant was fairly calm at first, but he appeared to become nervous when the officers questioned him. Officer Young frisked

Appellant for weapons and discovered that Appellant had a gun tucked in his waistband. The gun had the appearance of a nine millimeter handgun, but the officers subsequently determined that it was a BB gun. West testified that Appellant did not appear to be intoxicated or high on any drugs. Officer Robert Young also testified that Appellant did not appear to be intoxicated or high on drugs.

Detective Larry Reese of the Vanderbilt University Police Department testified that when Appellant was taken into custody, he initially provided the officers with a false name. However, Appellant subsequently gave his correct name and apologized to the officers for being untruthful. Reese subsequently observed Appellant for two to four hours, and it did not appear that Appellant was under the influence of alcohol or drugs.

Detective Harold Haney of the Metropolitan Nashville Police Department testified that he interviewed Appellant on August 15, 1995, and the interview was recorded on videotape. Haney also testified that before the interview, he informed Appellant of his constitutional rights, and Appellant signed a waiver of rights form. At this point, the videotape of Appellant's statement was played for the jury.[1]

Haney testified that during the interview, Appellant did not appear to have been under the influence of drugs and did not indicate that he was under the influence of alcohol or drugs.

---

[1]The record does not contain either the videotape of Appellant's statement or a transcript of the statement.

-4-

## II. EXCLUSION OF EVIDENCE

Appellant contends that the trial court erred when it ruled that certain documents created by the United States Social Security Administration were irrelevant and inadmissible. We conclude that this issue is waived.

The record indicates that after the close of the State's proof, Appellant sought to introduce certain documents prepared by the Social Security Administration that apparently related to a "recommendation of disability" for Appellant. Although it is not clear, these documents were apparently created in 1993 or earlier. After viewing the documents, the trial court found that they were inadmissible because the "medical records that are three, and four, and five years prior to this particular time have no effect on this matter." Appellant then failed to make a proffer of the documents for the record.

Because Appellant failed to make a proffer of the documents, it is not possible for us to review them to determine whether the trial court abused its discretion when it found that they were inadmissible because they were irrelevant. Appellant has waived this issue, and appellate review is precluded. See State v. Hall, 958 S.W.2d 679, 691 n.10 (Tenn. 1997); State v. Coker, 746 S.W.2d 167, 171 (Tenn. 1987); State v. Goad, 707 S.W.2d 846, 853 (Tenn. 1986).

### III. SUFFICIENCY OF THE EVIDENCE

Appellant contends that the evidence was insufficient to support his conviction for the aggravated robbery of Cao.[2] Specifically, Appellant claims that the evidence was insufficient because there was no proof that Appellant's actions ever put Cao in fear. We disagree.

When an appellant challenges the sufficiency of the evidence, this Court is obliged to review that challenge according to certain well-settled principles. A verdict of guilty by the jury, approved by the trial judge, accredits the testimony of the State's witnesses and resolves all conflicts in the testimony in favor of the State. State v. Cazes, 875 S.W.2d 253, 259 (Tenn. 1994). Although an accused is originally cloaked with a presumption of innocence, a jury verdict removes this presumption and replaces it with one of guilt. State v. Tuggle, 639 S.W.2d 913, 914 (Tenn. 1982). Hence, on appeal, the burden of proof rests with Appellant to demonstrate the insufficiency of the convicting evidence. Id. On appeal, "the [S]tate is entitled to the strongest legitimate view of the evidence as well as all reasonable and legitimate inferences that may be drawn therefrom." Id. Where the sufficiency of the evidence is contested on appeal, the relevant question for the reviewing court is whether any rational trier of fact could have found the accused guilty of every element of the offense beyond a reasonable doubt. Jackson v. Virginia, 443 U.S. 307, 319, 99 S.Ct. 2781, 2789, 61 L.Ed.2d 560 (1979). In conducting our evaluation of the convicting evidence, this Court is precluded from reweighing or reconsidering the evidence. State v. Morgan, 929

---

[2]Appellant has not specifically challenged the sufficiency of the evidence as to his conviction for the aggravated robbery of Lee.

S.W.2d 380, 383 (Tenn. Crim. App. 1996). Moreover, this Court may not substitute its own inferences "for those drawn by the trier of fact from circumstantial evidence." State v. Matthews, 805 S.W.2d 776, 779 (Tenn. Crim. App. 1990). Finally, Rule 13(e) of the Tennessee Rules of Appellate Procedure provides, "findings of guilt in criminal actions whether by the trial court or jury shall be set aside if the evidence is insufficient to support the findings by the trier of fact beyond a reasonable doubt."

In order to establish that Appellant was guilty of the alleged aggravated robbery of Cao, the State had to prove beyond a reasonable doubt that Appellant intentionally or knowingly took property from Cao by violence or putting Cao in fear by using a deadly weapon or display of an article used or fashioned to lead Cao to reasonably believe it was a deadly weapon. See Tenn. Code Ann. §§ 39-13-401(a), -402(a)(1) (1997). We conclude that when the evidence is viewed in the light most favorable to the State, as it must be, the evidence was clearly sufficient for a rational jury to find beyond a reasonable doubt that Appellant had committed the offense of aggravated robbery of Cao.

Cao testified that after he and Appellant entered a narrow path between two buildings, Appellant made a motion with his hand and said "Give me your wallet . . . There is a gun . . . I show you." Cao testified that although he did not actually see a gun, he looked at where Appellant had indicated that he had a gun and saw "something pop out" or "bump[] up." When the prosecutor asked Cao how he felt at this point, Cao testified, "I'm scared. I fear." Cao testified that he then gave Appellant his watch, his card case, and twelve dollars.

Appellant contends that the above evidence was insufficient because Cao's testimony that he was afraid was not credible. Specifically, Appellant contends that Cao's testimony that he subsequently followed Appellant and asked for the return of his card case indicates that he never really felt any fear of Appellant. However, "[t]he credibility of the witnesses, the weight to be given their testimony, and the reconciliation of conflicts in the evidence are matters entrusted exclusively to the jury as the triers of fact." State v. Cribbs, 967 S.W.2d 773, 793 (Tenn. 1998). The jury obviously believed Cao's testimony that he gave Appellant his property because he was afraid. In addition, although the State must show that a defendant took property from another person by use of violence or by putting the victim in fear to prove that the defendant committed robbery, nothing in the robbery statutes requires the State to prove that the victim remained in fear for some period of time after the defendant took the victim's property. This issue has no merit.

## IV. INCOMPETENCY BY REASON OF DRUG ADDICTION

Appellant contends that we should adopt a rule that incompetency by reason of addiction to a narcotic drug relieves a person of all responsibility for his or her criminal conduct. We decline Appellant's invitation to do so.

This Court has previously rejected the argument that addiction to drugs, standing alone, relieves a person of responsibility for criminal conduct. See State v. James Bailey Meador, No. 01C01-9011-CR-00291, 1992 WL 9521, at *4 (Tenn. Crim. App., Nashville, Jan. 24, 1992). This Court stated that

> The compulsion or urge inherently attendant to chemical substance addiction or dependency may not be used as an excuse for criminal activity. . . . It is only if the mental state of the defendant rises to the level of legal insanity may his responsibility for crime be excused.

Id., 1992 WL 9521, at *4.

In this case, the trial court ordered a mental evaluation of Appellant to determine his competency to stand trial and to determine whether a mental disease or defect prevented Appellant from knowing the wrongfulness of his conduct at the time of the offenses. The Vanderbilt University Mental Health Center subsequently evaluated Appellant and made the following findings:

> After completion of the competency evaluation by Mitchell Parks, M.D., we have concluded that [Appellant's] condition is such that he is capable of defending himself in a court of law. In making that determination, we found that [Appellant] understands the nature of the legal process; that he understands the charges pending against him and the consequences that can follow; and can advise counsel and participate in his own defense.
> Upon completion of the mental condition evaluation pursuant to T.C.A. 33-7-301(a), it is our opinion that at the time of the alleged offenses, [Appellant] was not exhibiting a mental illness or defect which would result in substantial impairment of his capacity to conform his conduct to the requirement of the law.

In addition, the defense expert, Dr. Debra Doineau, testified that "drug usage or no drug usage," it was possible that Appellant knew what he was doing when he robbed Cao and Lee. Further, Dr. Doineau testified that it was possible for a person who had experienced the drug-related problems and other difficulties that Appellant had experienced to form the intent to rob and then knowingly rob another person.

The defense of insanity is an affirmative defense that the defendant must establish by clear and convincing evidence. Tenn. Code Ann. § 39-11-501(a)

(1997). Appellant failed to meet his burden of proving that he was insane at the time of the offenses. Indeed, rather than arguing that he did meet the burden, Appellant simply urges us to adopt a rule that anyone who is addicted to narcotic drugs is automatically insane and is therefore not responsible for his or her criminal conduct. This Court has previously rejected this proposed rule, and we see absolutely no reason to adopt it now. This issue has no merit.

Accordingly, the judgment of the trial court is AFFIRMED.

_____
JERRY L. SMITH, JUDGE

CONCUR:

_____
DAVID G. HAYES, JUDGE

_____
NORMA MCGEE OGLE, JUDGE